UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MISTY D. RIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-132 |
| | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 11 and 12] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Plaintiff Misty D. Riddle seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On June 22, 2004, the Plaintiff filed an application for disability and disability insurance benefits, claiming disability as of January 15, 2003. [Tr. 16]. After her application was denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On June 27, 2006, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 16]. A supplemental hearing was held September 19, 2006. [Tr. 53]. On October 18, 2006, the ALJ found that Plaintiff was not disabled. [Tr. 25]. The Appeals Council denied the Plaintiff's request for

review; thus the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ FINDINGS**

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since January 15, 2003, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. The claimant has the following severe impairments: sinusitis, degenerative disc disease, irritable bowel syndrome, gastritis with reflux, obesity, mild sleep apnea, arthritis, diabetes mellitus, and depression (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work activity which allows frequent postural movements, standing/walking four hours in a workday (30 minutes at a time), and requires only simple one and two step instructions.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on September 7, 1977 and is 29 years old, which is defined as a younger individual age 18-44 (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports finding that the claimant is "not disabled,"

whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from January 15, 2003 through the date of this decision (20 CFR 404.1520(g)).

[Tr. 18-25].

## II. DISABILITY ELIGIBILITY

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial

evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, Plaintiff bears the burden of proving her entitlement to benefits. Boyes v. Sec'y of Health & Human Serv.,46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

**IV. ANALYSIS**

On appeal, Plaintiff argues that substantial evidence does not support the ALJ's disability determination. Plaintiff contends the ALJ erred by rejecting the opinions of three treating physicians and relying on the assessment provided by a non-examining medical expert when determining the Plaintiff's residual functional capacity ("RFC"). [Doc. 12 at 8]. The Commissioner, in response, contends substantial evidence supports the ALJ's RFC determination. [Doc. 16 at 9].

If a treating physician's opinion as to the nature and severity of an impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it must be given controlling weight. 20 C.F.R.§§ 404.1527(d)(2) and 416.927. The reason for such a rule is clear: the treating physician has had a greater opportunity to examine and observe the patient. Id. Furthermore, as a result of the treating physician's duty to cure the patient, the treating physician is generally more familiar with the patient's condition than are other physicians. Id. (citing Schisler v. Heckler, 787 F.2d 76, 85 (2d Cir. 1986)). But where an opinion does not garner controlling weight, the appropriate weight to be given to an opinion will be determined based upon the following factors: length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the record as

5

a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. 20 C.F.R.§§ 404.1527(d)(2) and 416.927.

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in the decision. 20 C.F.R. §§ 404.1527(d)(2) and 416.927. A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (1996). Nonetheless, the ultimate decision of disability rests with the ALJ, id. (citing King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984)), and accordingly, the ALJ is not bound by the opinions of the treating physician as long as the ALJ sets forth a basis for rejecting it. See Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987) (citing Fife v. Heckler, 767 F.2d 1427, 1437 (9th Cir. 1985) ("If the ALJ wishes to disregard the opinion of the treating physician, he must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record, even where the treating physician's opinion is controverted by the Secretary's consultant")).

**A.     Ken Kozawa, M.D.**

The Plaintiff first argues that the ALJ erred by discounting the medical opinion of Ken Kozawa, M.D., ("Dr. Kozawa"), without giving a proper explanation for doing so. [Doc. 12 at 10]. The Commissioner maintains that Dr. Kozawa's opinion was not supported by evidence in the record and, thus, was entitled to little weight. [Doc. 16 at 12].

The ALJ completed a substantial analysis of the records from treatment by Dr. Kozawa, and

6

found:

> The medical records from the claimant's former primary care physician, Ken Kozawa, M.D., who treated the claimant from December 1998 to October 2005, show a recitation of the claimant's complaints, for which Dr. Kozawa appropriately evaluated her with testing and referrals to specialists. However, his physical examinations do not show significant clinical abnormalities. The claimant only reported infrequent headaches and musculoskeletal pain. In addition, her blood pressure, since the alleged onset date, has been essentially controlled. CT scan of the sinuses in July 2004 only showed "very mild" residual chronic sinusitis. Despite her allegations of nausea, vomiting, diarrhea, and abdominal pain, Dr. Kozawa's records demonstrate the claimant has steadily gained weight since her alleged onset date, from 246 pounds in January 2003 to 267 pounds in September 2004. (Exhibits 26F, 29F, and 37F).

[Tr. 21]. When the ALJ compared the records of treatment to the restrictions suggested in the medical opinion form that Dr. Kozawa filled out, he found that the limitations were inconsistent with the treatment records. The ALJ explained:

> Dr. Kozawa did not explain the rationale or reason for his limitations and his physical examination findings show minimal abnormalities to support his assessed restrictions. In addition, there is no clinical basis established in his treatment records for his limitations in fine manipulation or his estimated level of absenteeism or need for breaks. Thus, his opinion is also unsupported by the record, including the claimant's activities, and I afford this opinion little weight.

[Tr. 24].

Dr. Kozawa was the Plaintiff's treating physician, as he was the Plaintiff's own physician and had provided medical treatment as part of an ongoing treatment relationship. See 20 C.F.R. § 220.5. The Plaintiff's objection centers upon the ALJ's decision not to give controlling weight to a form entitled "Medical Opinion Form (Physical)," which Dr. Kozawa filled out on June 14, 2004. [Tr. 574-76]. This form, which was supplied to Dr. Kozawa, presents twelve points of evaluation ranging from the amount of time the patient can sit or stand to how long she can be expected to

7

concentrate on tasks in light of her pain. [Tr. 574-76].

The form specifically asks whether the patient has a reasonable medical need to be absent from a full time work schedule on a chronic basis (meaning more than four times a month) [Tr. 576] and whether the patient could be reasonably expected to complete a forty hour week consisting of eight hour days [Tr. 575]. As the ALJ stated in his decision, Dr. Kozawa answered both of these questions in the negative. He also estimated that the Plaintiff could sit for four hours out of an eight hour day and could stand for four hours out of an eight hour day [Tr. 574]. Dr. Kozawa indicated that the Plaintiff could frequently lift items weighing between one and ten pounds and occasionally lift items weighing between eleven and twenty pounds. [Tr. 574]. Dr. Kozawa also indicated that the Plaintiff could occasionally bend at the waist, reach above her shoulders, stand on a hard surface, and use her hands for fine manipulation. [Tr. 574]. At the end of the form, there is an space for the physician to provide extra comments or explanation; Dr. Kozawa left this space blank. [Tr. 576].

The ALJ ultimately concluded that the Plaintiff was able to complete light work—work which involves lifting no more than twenty pounds at a time and carrying no more than ten pounds and requires walking, standing, pushing, and pulling, <u>see</u> 20 C.F.R. § 404.1567. However, the ALJ limited the Plaintiff to standing only four hours in an eight hour day. Thus, the ALJ essentially adopted the majority of the views expressed by Dr. Kozawa in the form, and the only apparent inconsistency relates to Dr. Kozawa's negative response as to the Plaintiff's ability to complete a standard work day and work week, which he made despite his admission that the Plaintiff could stand for four hours and sit for four hours in an eight hour workday.

To the extent that the ALJ's decision and Dr. Kozawa's answers on the form are inconsistent, the ALJ explained that Dr. Kozawa's findings were not supported by the treatment records from the

8

Plaintiff's visits during the same period. These records show the Plaintiff complaining of headaches and fatigue but make no mention of severe impairments or inability to go to work. [Tr. 480-81]. Further, and as noted by the ALJ, Dr. Kozawa did not indicate any medical basis for his opinion. He disregarded the space left for additional comment and literally 'checked the box' that indicated the Plaintiff could not work a full-time job. [Tr. 575]. The ALJ properly considered whether Dr. Kozawa presented relevant clinical evidence to support his opinions, 20 C.F.R. § 404.1527(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."), and concluded that Dr. Kozawa's opinions could not be afforded great weight. The Plaintiff argues that Dr. Kozawa's medical records are over one hundred pages, but the Plaintiff could not or did not point out medical evidence contrary to the ALJ's opinion.

In addition, the ALJ consulted a medical expert, Edward Griffin, M.D., ("Dr. Griffin"), at the hearing held September 19, 2006. After reviewing the evidence of record and Dr. Kozawa's opinion, Dr. Griffin opined that Dr. Kozawa's opinion was not supported by the evidence of record and did not supply a sufficient rationale for the restrictions Dr. Kozawa found. [Tr. 57].[1] Dr. Griffin testified that he had reviewed the evidence in this case. The Plaintiff has not cited the Court to any evidence that would discredit this medical opinion, and the Court finds that the ALJ properly weighed and considered Dr. Griffin's opinion against the other opinions in the record making his RFC determination, 20 C.F.R. § 404.1527(c)(2).

Based on the foregoing, the Court finds that the ALJ's decision to give less than controlling

---

[1] In a phonetic attempt to spell Dr. Kozawa's name, the transcript refers to the doctor as "Dr. Prezesky," but reading page 57 with page 58 confirms that Dr. Griffin was referring to Dr. Kozawa.

9

weight to the Dr. Kozawa's opinion is supported by substantial evidence and that, in accordance with 20 C.F.R. §§ 404.1527(d)(2) and 416.927, the ALJ gave "good reasons" for why the opinion garnered less than controlling weight. Accordingly, the decision is supported by substantial evidence and remand on this issue is not appropriate.

**B.      David Huffman, M.D.**

The Plaintiff presents essentially the same argument in regards to the second physician. The Plaintiff argues that the ALJ did not accord proper weight and sufficiently explain his reasons for discounting the opinion of David Huffman, M.D., ("Dr. Huffman"). [Doc. 12 at 10]. The Commissioner maintains that the weight afforded to Dr. Huffman's opinion was proper since Dr. Huffman's opinion was not complete and was not supported by his treatment notes from the period or properly explained. [Doc. 16 at 11].

The Plaintiff's treatment record with Dr. Huffman was not as extensive as her treatment record with Dr. Kozawa. However, the ALJ noted the treatment and found that the records did "not show significant abnormalities despite diffuse subjective complaints." [Tr. 22]. The ALJ explained that the Plaintiff's range of motion was not limited and no significant neurologic deficits were found. [Tr. 22]. Further, the ALJ reviewed the results of an abdominal ultrasound and a pelvic ultrasound taken in June 2006, neither of which showed significant impairments. [Tr. 22].

Dr. Huffman filled out a medical opinion form, that was identical to the one provided to Dr. Kozawa. [Tr. 905-07]. Dr. Huffman responded to the majority of the questions and evaluations with "unknown" or "unable to reply." [Tr. 905]. However, he marked the questions regarding the Plaintiff's capacity for work and indicated that the Plaintiff could not reasonably be expected to complete a forty hour week composed of eight hour days and would be expected to be chronically

10

absent in light of her condition. [Tr. 906-07].

In evaluating the weight that should be afforded to Dr. Huffman's opinion, the ALJ explained

> Dr. Huffman did not fully complete the assessment and he failed to provide a basis for his conclusions. His records also show minimal abnormalities much less [any] which can be expected to support the degree of absenteeism and lack of reliability suggested by Dr. Huffman. Therefore his opinion is afforded little weight.

[Tr. 23].

Although records indicate that the treatment relationship between Dr. Huffman and the Plaintiff had only recently begun, Dr. Huffman was the Plaintiff's treating physician, as he was the Plaintiff's own physician and had provided medical treatment as part of an ongoing treatment relationship. See 20 C.F.R. § 220.5. At the time Dr. Huffman filled out the form and indicated that the Plaintiff would be unable to work a full-time schedule he had only seen the Plaintiff on a single prior visit at her new patient appointment on May 17, 2006. [Tr. 926]. This lack of history both explains why Dr. Huffman was unable to complete the form and supports the conclusion that his incomplete opinion was not entitled to substantial weight. See 20 C.F.R. § 404.1527 (d)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.")

As the Plaintiff notes, Dr. Huffman completed the form on June 7, 2006, the same day that he ordered the Plaintiff be admitted to a local hospital for dehydration brought about by nausea and vomiting, [Tr. 922-23]. This acute episode necessitated hospitalization, but the records from the hospitalization did not indicate that the episode would have a long-term effect on the Plaintiff's ability to work after the recommended fluids, electrolytes, and antiemetics were administered. [Tr. 922-24].

Again, the ALJ consulted a medical expert Dr. Griffin, at the hearing held September 19,

11

2006, with regards to Dr. Huffman's opinion. After reviewing the evidence of record and Dr. Huffman's opinion, Dr. Griffin opined that Dr. Huffman's opinion was incomplete and did not supply a sufficient rationale for the restrictions Dr. Huffman found. [Tr. 58-59]. Again, the Plaintiff has not cited the Court to any evidence that would discredit Dr. Griffin's opinion, and the Court finds that the ALJ properly weighed and considered Dr. Griffin's opinion against the other opinions in the record making his RFC determination, 20 C.F.R. § 404.1527(c)(2).

Based on the foregoing, the Court finds that the ALJ's decision to give less than controlling weight to Dr. Huffman's opinion is supported by substantial evidence and that, in accordance with 20 C.F.R. §§ 404.1527(d)(2) and 416.927, the ALJ gave "good reasons" for why the opinion garnered less than controlling weight. Accordingly, the decision is supported by substantial evidence and remand on this issue is not appropriate.

**C.     Ben Coffey, M.D.**

Finally, the Plaintiff presents the same argument that the ALJ did not accord proper weight and sufficiently explain his reasons for discounting the opinion of Ben Coffey, M.D., ("Dr. Coffey"). [Doc. 12 at 10-11]. The Commissioner maintains that the weight afforded to Dr. Coffey's opinion was proper since Dr. Coffey's opinion was not supported by his treatment notes from the period or other evidence in the record. [Doc. 16 at 12-13].

In his decision, the ALJ reviewed the records of treatment from Dr. Coffey even though the Plaintiff had only been receiving treatment from Dr. Coffey for a relatively short time. [Tr. 22]. Dr. Coffey, like Dr. Kozawa and Dr. Huffman, completed a medical opinion form. [Tr. 917-19]. Dr. Coffey indicated that the Plaintiff was unable to complete a forty hour work week consisting of eight hour days and indicated that the Plaintiff would be chronically absent. [Tr. 918-19]. Dr. Coffey

12

indicated that a leg edema would require that the Plaintiff elevate her lower extremities for twenty minutes of every hour. [Tr. 918]. Dr. Coffey also indicated that the Plaintiff could sit for eight hours per eight hour day, one hour at a time, and could stand or walk for one hour per eight hour day, ten minutes at a time. [Tr. 917]. Dr. Coffey limited the Plaintiff to only occasionally bending at the waist, reaching above her shoulders, and using her hands for fine manipulation; he found she could infrequently stand on a hard surface. [Tr. 917]. Dr. Coffey did not make any comment on or explanation for his findings. [Tr. 919].

After reviewing the restrictions advised by Dr. Coffey, the ALJ explained the weight accorded to Dr. Coffey's opinion as follows:

> Dr. Coffey . . . failed to provide any reasons for his assessed limitations and his treatment records do not demonstrate any objective basis for the claimant's inability to use her hands for fine manipulation, stand on hard surfaces, or reach above her shoulders. In addition, edema/swelling is only reported in physical examinations on one occasion and he has only treated the claimant since apparently May 2006 (Exhibit 49F). In fact, except for subjective tenderness and one episode of swelling in the left knee, his physical examinations have been essentially normal. Accordingly, the record demonstrates little clinical or supportive basis for Dr. Coffey's limitations and his opinion is also afforded little weight.

[Tr. 24].

Although records indicate that the treatment relationship between Dr. Coffey and the Plaintiff had only recently begun, Dr. Coffey was the Plaintiff's treating physician, as he was the Plaintiff's own physician and had provided medical treatment as part of an ongoing treatment relationship, see 20 C.F.R. § 220.5.

A review of Dr. Coffey's treatment notes, as the ALJ stated, does not reveal evidence which would support a finding that the Plaintiff is unable to regularly attend and complete an eight hour day and forty hour week. Notes from the Plaintiff's visits from May to July 2006 indicate that

13

Plaintiff suffered from headaches, depression, insomnia, diabetes, a soft tissue injury, arthritis, and a vaginal yeast infection. [Tr. 936-37]. The impairments found in these treatment notes are consistent with the ALJ's findings as to severe impairments, [Tr. 18], but do not support either Dr. Coffey's opinion as to the Plaintiff's physical limitations or her inability to work. Again, the Court finds that based upon the failure to explain these findings and the lack of evidence in the record supporting these findings, the ALJ properly concluded that Dr. Coffey's opinion was not entitled to great weight, see 20 C.F.R. § 404.1527(d)(3).

In addition, Dr. Griffin spoke specifically to Dr. Coffey's findings at the hearing. Dr. Griffin explained, ". . . there's no reason why leg edema would limit her to occasionally bending at the waist, reaching above [her] shoulders, and frequently standing on a hard [surface], occasional fine manipulation. And again he doesn't give any diagnoses that would support those limitations." [Tr. 58]. As previously stated, the Court finds that the ALJ properly weighed and considered Dr. Griffin's opinion against the other opinions in the record making his RFC determination, 20 C.F.R. § 404.1527(c)(2).

Based on the foregoing, the Court finds that the ALJ's decision to give less than controlling weight to the Dr. Coffey's opinion is supported by substantial evidence and that, in accordance with 20 C.F.R. §§ 404.1527(d)(2) and 416.927, the ALJ gave "good reasons" for why the opinion garnered less than controlling weight. Accordingly, the decision is supported by substantial evidence and remand on this issue is not appropriate.

V. **CONCLUSION**

Despite the Plaintiff's contentions that it was the ALJ who engaged in conclusory language and rulings in deciding to give less than controlling weight to the Plaintiff's treating physicians, the

Court finds it was the Plaintiff who engaged in giving conclusory opinions without providing substantial evidence, reasons, or a medical basis for the conclusory opinions. Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is capable of performing light work with certain limitations. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Summary Judgment **[Doc. 11]** be **DENIED** and that the Commissioner's Motion for Summary Judgment **[Doc. 15]** be **GRANTED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).